AO 245D (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case for Revocations - D Massachusetts (09/02)

# United States District Court
## District of Massachusetts

UNITED STATES OF AMERICA

v.

**ANTHONY VITO**

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

Case Number: **1: 22 CR 10046 - 1 - NMG**

Scott Lauer, Esq.
Defendant's Attorney

## THE DEFENDANT:

[x] admitted guilt to violation of condition(s) I - VI _____ of the term of supervision.
[ ] was found in violation of condition(s) _____ after denial of guilt.

Accordingly, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| I | Failure to refrain from any unlawful use of a controlled substance | 05/18/23 |
| II | Failure to participate in a program for inpatient or outpatient substance abuse treatment and testing | 05/18/23 |
| III | Failure to follow the instructions of the Probation Officer | 04/06/23 |
| IV | Failure to truthfully answer the questions asked by the Probation Officer | 03/30/23 |

[x] See continuation page

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district with 30 days of any change of name, residence, or maling address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 1990

Defendant's USM No.: 25752-014

Defendant's Residence Address:
In Federal Custody

Defendant's Mailing Address:
In Federal Custody

06/14/23
Date of Imposition of Judgment

Signature of Judicial Officer

The Honorable Nathaniel M. Gorton

U.S. District Judge
Name & Title of Judicial Officer

06/28/2023
Date

Continuation Page - Nature of Violations

CASE NUMBER: **1: 22  CR 10046   - 1   - NMG**
DEFENDANT:

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| V | Failure to not communicate or interact with someone who is known to be engaged in criminal activity | 03/30/23 |
| VI | Failure to not act or make an agreement with a law enforcment agency to act as a confidential human source or informant without first getting permnission of the Court | 03/30/23 |

AO 240D (Rev. 3/01) Judgment in a Criminal Case for Revocations: Sheet 2 - Imprisonment

CASE NUMBER:   1:  22  CR 10046   - 1   - NMG
DEFENDANT:

Judgment - Page 3 of 5

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   2 month(s)   ⊟

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
   ☐ at _____  on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before _____  on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By _____
Deputy U.S. Marshal

AO 245D (Rev. 3/01) Sheet 3 - Supervised Release

CASE NUMBER:   1:  22  CR 10046   - 1   - NMG
DEFENDANT:

Judgment - Page  4  of  5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of          3 year(s)      ☑

☒See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐       The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒       The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

| | |
|---|---|
| CASE NUMBER:     1: 22  CR 10046   - 1    - NMG | Judgment - Page 5 of 5 |
| DEFENDANT: | |

## Continuation of Conditions of ☒ Supervised Release ☐ Probation

1. The defendant shall enter and complete an inpatient substance abuse program at the direction of the Probation Office. The duration of the inpatient placement will be determined by the treatment provider. The defendant shall also complete all required aftercare programing recommended by the treatment provider.

2. If the defendant is unable to secure placement at a substance abuse inpatient facility by the time of his release, he shall be placed at a Residential Reentry Center, preferably the Coolidge House in Boston, MA, for a period of 90 days. Should the defendant secure placement at an inpatient substance abuse facility after he arrives at the RRC, the Probation Office will approve his immediate transfer to the inpatient program.

3. The defendant must participate in a program for substance abuse counseling, either inpatient or outpatient as directed by the Probation Office. The defendant will also be subject to drug testing, not to exceed 50 tests per year to determine whether you have reverted to the use of alcohol or drugs.

4. The defendant must participate in a mental health treatment program as directed by the Probation Office.